```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OSIRIS MOSLEY,

                    Plaintiff,                    **MEMORANDUM AND ORDER**
                                                  15-CV-7042 (BMC)
         -against-

POLICE OFFICER MATTHEW LAMBERT,
SHIELD # 14548; and POLICE SERGEANT
JOHN DOE, sued in his individual capacity,

                    Defendants.
------------------------------------------------------------x
```
COGAN, United States District Judge:

Plaintiff brings this action under 42 U.S.C. § 1983 against two police officers. His application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

Plaintiff alleges that he was inside the Waverly Urban Market in Brooklyn on November 15, 2015 when he was detained by store employees on suspicion of shoplifting. He states: "I was viciously assaulted by numerous store employees inside the store's interior." He alleges that when police officers, including defendants Matthew Lambert and John Doe, arrived, they arrested him. Plaintiff states that he reported the store employees' assault to the officers and asked the officers to file charges against the employees. He alleges: "Defendants Lambert and Doe told me 'you deserve to be beaten' and 'We are not going to charge anyone but you.'" Plaintiff alleges that the officers' failure to charge the employees who assaulted him violated his constitutional rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment. He requests damages of $75,000.

**DISCUSSION**

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim alleging deprivation of constitutional rights may be brought pursuant to 42 U.S.C. § 1983. Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010).

Plaintiff alleges that his constitutional rights were violated by the Officers' refusal to file charges against the store employees who detained and assaulted him. However, there is no constitutional right to have charges filed against someone. Lewis v. New York City Police Dep't, No. 99 Civ. 952-RWS, 2000 WL 16955, *4 (S.D.N.Y. Jan. 10, 2000) ("There is no constitutional right to force an officer to make an arrest."); Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973))). See also Harrington v. Cty. of Suffolk, 607 F.3d 31, 35 (2d Cir. 2010) (holding that plaintiffs do not have a protected property interest in an investigation into alleged criminal activity because law enforcement officers have discretion in determining whether to conduct an investigation or make an arrest (citing Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 762 (2005)). Accordingly, plaintiff's claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since the legal theory of this action fails, no amendment of the pleading could cure it.

## CONCLUSION

This action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/(BMC)
_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
December 18, 2015